# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-19-175-G-2 |
| ) | |
| REGENEA CAROL BERRY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Defendant Regenea Carol Berry's pro se Motion for Early Termination of Supervised Release (Doc. No. 97). The Government has filed a Response (Doc. No. 98).

### I. Background

In this case, Defendant pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). On April 3, 2020, the Court sentenced Defendant to 70 months' imprisonment, to be followed by three years of supervised release. *See* J. (Doc. No. 60) at 2-3.

Defendant was released from prison and began serving her term of supervised release on or about June 12, 2023. *See* Gov't's Resp. at 1 n.1.

### II. Defendant's Motion

Defendant seeks early termination of her supervised release after completing the majority of its three-year term. In support of her request, Defendant highlights her desire to seek more employment opportunities and travel with her children. *See* Def.'s Mot. at

2.  Defendant also represents that she has engaged in educational and volunteer activities and has not committed any crimes since her release. *See id.*

III.  *Discussion*

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may, after considering certain statutory factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also* Fed. R. Crim. P. 32.1(d).

Although a hearing is required pursuant to Federal Rule of Criminal Procedure 32.1 before the Court may modify a term of supervised release, "the Court need not conduct a hearing if, upon consideration of the record, the Court determines that a requested modification will not be approved." *United States v. Thinh Quoc Kieu*, No. CR-02-177-D, 2012 WL 2087387, at *1 (W.D. Okla. June 8, 2012); *see* Fed. R. Crim. P. 32.1(c)(1).

The Government opposes Defendant's request, noting the United States Probation Office's confirmation that "Defendant has not complied with all conditions of [her] supervision" as to restitution repayment and alcohol testing. Gov't's Resp. at 2. The Government suggests that being accountable to a probation officer "may be the resource [Defendant] needs to stay on the right path." *Id.* at 3.

As this Court has noted, "supervised release is part of the penalty for [Defendant's] offense." *Thinh Quoc Kieu*, 2012 WL 2087387, at *2 (citing *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006)). "One of its purposes is to provide rehabilitation and oversight of the offender to deter their return to crime." *Id.* (internal quotation marks

omitted).  A defendant's compliance with the terms of supervised release generally "does not, without more, warrant early termination because compliance with the terms is what is expected."  *Id.* (internal quotation marks omitted); *accord United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

While Defendant has taken positive steps consistent with the purposes of rehabilitation and reentry into society, that is what expected during a term of supervised release.  The Court does not find that Defendant's post-incarceration conduct and circumstances warrant termination of her term of supervised release.  It therefore is not in "the interest of justice" to discharge and release Defendant at this time.  18 U.S.C. § 3583(e)(1).

## CONCLUSION

As provided herein, Defendant's Motion for Early Termination of Supervised Release (Doc. No. 97) is DENIED without prejudice.

IT IS SO ORDERED this 11th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge